IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ISRAEL RODRIGUEZ JR., | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-679-P |
| | § | |
| BILL WAYBOURN, Sheriff, | § | |
| Tarrant County, Texas, | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Israel Rodriguez Jr., a state pretrial detainee confined in the Tarrant County jail when the petition was filed, against Bill Waybourn, Sheriff of Tarrant County, Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for mootness.

**I. BACKGROUND**

At the time this petition was filed, Petitioner was awaiting trial in Tarrant County, Texas, Case Nos. 1629246D and 1629248D, for possession of a controlled substance in the amount of 4 grams but less than 200 grams and unlawful possession of a firearm by a felon for which bond was set at $50,000 each.[1] Pet. 1, ECF No. 1; Pet'r's Aff. 1, ECF No. 2. In this petition, Petitioner complains of excessive and unreasonable pretrial bonds. *Id.* However, on

---

[1] Apparently, at the time, Petitioner was also detained or on "hold" in the Tarrant County jail on a charge out of Burleson, Texas, for possession of a controlled substance under one gram for which bond was set at $1,500. *Id.*

June 16, 2021, Petitioner pleaded guilty to both offenses and was sentenced to five years' confinement for each offense. Resp't's Resp. Exs. 1 & 3, ECF No. 9. Thereafter, on June 30, 2021, Petitioner was transferred to the custody of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) for service of his sentences. Petitioner has not notified the Court of his change of address.

## II.  DISCUSSION

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 under certain circumstances. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). However, because Petitioner is no longer a pretrial detainee awaiting trial, the petition relating to his pretrial detention has been rendered moot. *See Thorne v. Warden, Brooklyn House of Det. for Men*, 479 F.2d 297, 299 (2d Cir. 1973) (providing "[s]ince [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented"). *See also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that pretrial detainee's habeas-corpus application was rendered moot by his conviction).

## III.  CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** as moot. A certificate of appealability is **DENIED**. The clerk

of Court is directed to send a copy of the Opinion and Order and Final Judgment to Petitioner at his address of record and at the Formby Unit of TDCJ, 998 County Road AA, Plainview, TX 79072, where is currently housed under TDCJ number 02351666. TEXAS DEPARTMENT OF CRIMINAL JUSTICE, TDCJ's Offender Information Details, http://www.offender.tcdj.gov/OffenderSearch/offenderDetail (last visited Aug. 12, 2021).

    **SO ORDERED** on this 12th day of August, 2021.

*[signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE